IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:13-CR-101 |
| vs. | : | JUDGE SMITH |
| DANIEL TEMPLE, | : | |
| Defendant. | : | |

### SENTENCING MEMORANDUM

### Introduction

Daniel Temple is before the Court for sentencing upon his guilty plea to threats against the President in violation of 18 U.S.C. § 871(a).

In *U.S. v. Booker*, 543 U.S. 220, 245 (2005), the Supreme Court's remedial opinion rendered the guidelines effectively advisory. The Court stressed that a sentencing court must still take the guidelines into account at sentencing along with the factors set forth in § 3553(a). *Id.* at 264. The *Booker* court also instructed appellate courts to review a sentencing decision for reasonableness. *Id.* at 260-62.

Subsequent to *Booker*, the Supreme Court decided two cases which together explain in detail the mechanics of *Booker*'s remedial holding. *Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007). In *Gall,* the Court instructed that the sentencing court should first calculate the applicable guideline range. The sentencing court must then give both the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate." *Gall*, 552 U.S. at 49. The sentencing court should then consider all of

the §3553(a) factors to determine whether they support the sentence requested by either party. *Id.* In doing so, the sentencing court may not presume that the guideline range is reasonable. *Id.* In the event the sentencing court decides to impose a variance sentence, *i.e.*, one outside of the recommended guidelines range, the sentencing court must consider the extent of the deviation and ensure that the degree of the variance is sufficiently justified. *Id*.

**Guideline Calculations**

The probation officer has made the following guidelines calculations for Mr. Temple:

| | |
|---|---|
| Base Offense Level | 12 |
| Two or More Threats | + 2 |
| Timely Acceptance | - 2 |
| **TOTAL OFFENSE LEVEL** | **12** |
| Criminal History Category | I |
| Advisory Guidelines Range | 10-16 months Zone C |

**18 U.S.C. § 3553(a) Sentencing Factors**

The final step in the post-*Booker* sentencing methodology requires this Court to determine what sentence is sufficient, but not greater than necessary, to satisfy Congress' sentencing mandate codified in 18 U.S.C. § 3553(a)(2)(A)-(C)/ Mr. Temple submits that a sentence of time served would be sufficient but not greater than necessary after consideration of all the § 3553(a) factors.

**A.      History and Characteristics of the Defendant and Nature and Circumstances of the Offense.**

Daniel Temple is 36 years old. Danny's mother was only 16 when he was born out of wedlock. When Danny was 6, his mother married Gary Holt who is a traffic engineer for the

2

City of Columbus. Danny and his half-siblings were raised in Westerville by his mother and step-father in a warm, supportive environment.

Danny is living with his parents and working full-time at Hometown Handyman Company. He is skilled in painting, carpentry, flooring and laying tile. The owner of the company regards Danny as a very valuable employee. (PSR ¶ 73).

Danny has been on pretrial release for 4 months and is in full compliance with the terms of his release. He is clean and sober and is participating in counseling. Danny has found joy in his life now that he is away from alcohol and marijuana. He recently went camping with his family at East Harbor State Park on Lake Erie and enjoyed a great weekend. Two of his nieces, ages 6 and 12 are living in the home and Danny is enjoying a great relationship with them.

Danny is in Criminal History Category I having avoided any contact with law enforcement except for traffic and OMVI offenses. Danny readily acknowledges that alcohol has been a major negative factor in his life.

Danny began to drink in high school and has been a consistent heavy drinker for twenty years. He has also been a heavy user of marijuana during that time period. It appears that Danny's problems became much worse after he was beaten at a bar in 2010.

On May 26, 2010, Danny went to St. Ann's Hospital and was then referred to Netcare after reporting that "a bunch of guys were hiding in trees wanting to get me". The clinician concluded that Danny was experiencing paranoia and an unspecified psychotic disorder due to his extensive alcohol and marijuana use. (PSR ¶¶ 51-53).

On January 3, 2011, Danny again found himself at St. Ann's. This time his problems were even worse. Danny was suffering from severe paranoia, delusional thinking and bizarre hallucinations. He reported that his roommate was injecting him with the HIV virus. Danny was

then admitted to Twin Valley Behavioral Health for inpatient treatment due to his paranoia, delusions and hallucinations.

As in the past, Danny's abnormal behavior was triggered by excessive alcohol consumption. Danny was discharged on January 7, 2011 with a diagnosis of Alcohol Dependence and Cannabis Abuse as well as Alcohol-Induced Psychotic Disorder and paranoid personality traits. (PSR ¶¶ 54-61).

Danny began to read the works of conspiracy theorist David Icke. An extensive discussion to Icke's ideas can be found at [www.davidicke.com](www.davidicke.com) and at Wikipedia. According to Wikipedia, "at the heart of his theories lies the idea that a secret group of reptilian humanoids called the Babylonian Brotherhood controls humanity, and that many prominent figures are reptilians."

As a result of reading Icke's works, Danny became convinced that the government was waging a war on its citizens. For example, he thought that the Connecticut school shootings, Ft. Hood and the Aurora, Colorado movie shootings were all part of a government conspiracy. Danny felt that no one was listening. In an effort to gain attention to this cause, Danny threatened to kill President Obama on his Twitter account. Danny never had any intention to cause harm to the President or anyone else. He never traveled to anywhere where the President was scheduled to appear. Danny has never hurt another person and he never had any intention to carry out the threats in this case. He does not own a firearm. His grandfather left him a shotgun but he has not had the firearm for over a decade. He has never possessed explosives, bombs or destructive devices. He did this because he believed that by getting attention, he could further disseminate the conspiracy theories.

At the time he made these threats, Danny believed the conspiracy theories espoused by Icke and others to be true. When he was arrested, Danny was fully cooperative with the agents. Danny now acknowledges that his thought process at the time he made the threats were nonsensical. He recognizes that Icke is a complete crackpot and cannot believe he ever believed in anything Icke espoused. He is currently addressing his mental health and substance abuse issues.

Danny is a changed person from the person in March 2013 who followed the ranting's of David Icke and threatened the President. He is extremely remorseful for his actions.

Danny has abstained from alcohol and drugs since his release in this case. He is attending counseling at Talbot Hall and he is involved in AA. Danny has continued to maintain his full-time employment with Hometown Handyman, a position he has held for five years and is doing a great job. (PSR ¶ 73).

**Just Punishment, Adequate Deterrence, Protection of the Public, Provide Defendant with Needed Care**

It appears that the various goals set forth in § 3553(a)(2)(A)-(D) are already being accomplished. Danny served five days in jail after his arrest. He has now been on pretrial release for four months and is in full compliance.

He not only stopped making threats, but his entire thinking has fundamentally shifted. Danny recognizes that the conspiracy theories are wrong and that his actions were quite simply absurd. Danny is sober, in full compliance with Pretrial Services and a solid member of the community.

**Requested Sentence**

Defendant requests a sentence of "time served" to be followed by 3 years of supervised release.

Respectfully submitted,

DENNIS TEREZ
ACTING FEDERAL PUBLIC DEFENDER


/s/ Gordon G. Hobson
Gordon G. Hobson  (0004681)
Senior Litigator
Office of the Federal Public Defender
10 W. Broad Street, Suite 1020
Columbus, Ohio 43215
Telephone: (614) 469-2999
Gordon_Hobson@fd.org

Counsel for Defendant
Daniel Temple

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Sentencing Memorandum was served electronically upon Michael Hunter, Assistant United States Attorney, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215 this 13th day of August, 2013.

/s/  Gordon G. Hobson
Gordon G. Hobson  (0004681)
Senior Litigator

Attorney for Defendant
Daniel Temple